IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNY B. McCLINE, | |
| Petitioner, | |
| v. | Case No. 21-CV-00256-SPM |
| UNITED STATES, | |
| Respondent. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Kenny B. McCline, who is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Relying on the decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), McCline challenges his conviction and the sentence he received in *United States v. McCline*, 17-CR-30200-SMY (S.D. Ill. 2017) ("Criminal Case") (Doc. 1).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

### RELEVANT FACTS AND PROCEDURAL HISTORY

In December 2017, a federal grand jury indicted McCline on one charge of being

a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), having previously been convicted of possession with intent to deliver cannabis in St. Clair County, Illinois. *See* Criminal Case, Doc. 1. McCline pleaded guilty to the charge and entered into a written plea agreement with the Government in July 2018 (Criminal Case, Docs. 39-40). The plea agreement reflected the possibility that McCline would be classified as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) and that, if so, the Government agreed to recommend a sentence of no more than 15 years (Criminal Case, Doc. 40). McCline also agreed to waive "the right to seek modification of or contest any aspect of the conviction or sentence in any type of proceeding." *Id*.

McCline was sentenced to the minimum mandatory 15-year sentence and 3 years of supervised release in October 2018 (Criminal Case, Doc. 67). McCline filed a direct appeal challenging the indictment's failure to allege that he knew that he had been convicted of a crime punishable by a term of imprisonment of more than a year and that he should be allowed to withdraw his guilty plea. *See United States v. McCline,* 799 F. App'x 417 (7th Cir. 2020). The United States Court of Appeals for the Seventh Circuit affirmed McCline's conviction.

McCline then filed a 28 U.S.C. § 2255 petition, challenging his career offender classification under the United States Sentencing Guidelines. *See McCline v. United States*, 2021 WL 25361, at *2 (S.D. Ill. Jan. 4, 2021). McCline asserted that his predicate conviction for possession with intent to deliver cannabis should have been expunged from his record and, as a result, his Guidelines range was wrong. The Court rejected that claim. He also filed supplemental briefs asserting that, under *Rehaif v.*

*United States*, 139 S.Ct. 2191 (2019), the Government must prove he knew that he belonged to the relevant category of persons barred from possessing a firearm. The Court rejected that claim as well.

## APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under § 2255. He or she may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under § 2241. Specifically, § 2255(e)

contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See also Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (stating that "'[i]nadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *United States v. Prevatte*, 300 F.3d 792, 798-799 (7th Cir. 2002) (noting that "savings clause" of § 2255 applies to "a narrow class of cases" where the 2255 remedy "'is inadequate or ineffective to test the legality of [the prisoner's] detention.'"). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998) and stated: "[a] procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## ANALYSIS

McCline claims that his Illinois conviction for possession with intent to deliver cannabis was not a predicate "felony drug offense" within meaning of the federal statute increasing his mandatory minimum sentence. McCline relies on *Ruth*, 966 F.3d 642, which was a direct appeal, and by implication the conduct-based categorical method developed in cases like *Kawashima v. Holder*, 565 U.S. 478, 483–85 (2012) to

support his challenge. Consistent with *Shular v. United States*, 140 S. Ct. 779 (2020), in *Ruth*, the Seventh Circuit found that "the Illinois [cocaine] statute [was] categorically broader than the federal definition" and applied the conduct-based categorical approach to sentencing enhancements for prior "felony drug offenses" under § 841(b)(1)(C). 966 F.3d at 647. The Court concluded that Ruth's "Guidelines range was further elevated due to the increase in his statutory maximum sentence as a result of the erroneous § 851 sentencing enhancement" and vacated his sentence. *Id.* at 654.

Preliminarily, the Court notes that it does not need to consider the merits of this case because McCline explicitly waived his right to bring this challenge in his plea agreement. In that agreement, McCline agreed to waive "the right to seek modification of or contest any aspect of the conviction or sentence in any type of proceeding" (Criminal Case, Doc. 40, p. 9). Where a guilty plea is entered knowingly and voluntarily, appeal waivers are enforceable to preclude challenges falling within their scope. *See Garza v. Idaho*, 139 S.Ct. 738, 745 (2019); *United States v. Worden*, 646 F.3d 499, 502-03 (relying on *United States v. Blinn*, 490 F.3d 586, 587-88 (7th Cir. 2007) ("We will enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement."). Further, a subsequent change in the law does not make an appeal waiver involuntary. *United States v. Carson*, 855 F.3d 828, 829-831 (7th Cir. 2017); *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014). It is worth mentioning that McCline does not claim that his plea or appeal and collateral

attack waivers were involuntary or invalid. McCline also does not appear to have raised such an issue in his previous § 2255 motion. Regardless, a § 2241 petition is not a viable route for McCline's argument because he expressly waived his right to bring a collateral attack.

Nevertheless, even if McCline had not waived his right to bring this collateral attack, his petition still fails because McCline could have raised the issue in a § 2255 motion or on a direct appeal. Because McCline had "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence," *In re Davenport*, 147 F.3d at 609, he cannot now seek relief under § 2241 on that basis.

## CONCLUSION

For the reasons set forth above, Petitioner Kenny B. McCline's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly. Out of an abundance of caution, in light of McCline's reference to the First Step Act as a ground for relief in his petition, the Clerk of Court is also **DIRECTED** to file the petition as a motion in his underlying criminal case.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. *See* FED. R. APP. PROC. 4(a)(1)(B8). A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will

be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. PROC. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–726 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–859 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. *See* FED. R. APP. PROC. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  April 2, 2021**

> s/ *Stephen P. McGlynn*
> **STEPHEN P. McGLYNN**
> **U.S. District Judge**